## 4594. WARDLAW v. THE STATE.

The evidence being wholly insufficient to prove the guilt of the accused, his conviction was unauthorized by law.

DECIDED FEBRUARY 18, 1913.

Accusation of misdemeanor; from city court of Moultrie—Judge McKenzie. December 19, 1912.

*T. W. Mattox,* for plaintiff in error.

*A. R. Kline, solicitor,* contra.

HILL, C. J. Wardlaw was convicted on an accusation charging him with a violation of the Penal Code (1910), § 434, in that he did solicit orders for the sale of malt, "vicious," and intoxicating liquors; his motion for a new trial, based upon the general grounds alone, was overruled, and he brings error. The evidence in support of the accusation, briefly stated, is as follows: The accused, while on the street in the city of Moultrie, was asked by one Clark if he, the accused, knew where he could get some liquor; and in reply the accused said that he thought that "one Hollis, who was at his [accused's] house, had some liquor;" that the witness went there and found Hollis, who had about a quart and a half of "liquor," and that he bought a drink of it from Hollis, and that the defendant did not solicit him to buy the liquor; that it was "rye liquor," and he paid Hollis seventy-five cents for a pint of it. Another witness testified that on the occasion above mentioned he also went to the house of the accused, where he saw Hollis sell a pint of liquor to the witness, Clark; that he went in and found five pints of liquor and several quarts; that accused was on the front porch. This was all the evidence, and we think it is wholly insufficient to support the accusation. If the accused had voluntarily informed Clark that he could buy whisky from his (the accused's) house, the jury might have been authorized in inferring that the accused was interested in the sale of the liquor and was soliciting customers for Hollis. It was a suspicious circumstance that Hollis was selling liquor at the house of the accused, and if the accused had informed others that liquor could be bought from Hollis at his house, the evidence might have authorized the verdict; but instead of this being the evidence, the witness for the State, relied upon to prove the act of solicitation, swore positively that he asked the accused if he knew where he

could get some liquor, and that the accused did not solicit him to buy the liquor. The accused was not indicted for the offense of selling intoxicating liquors, but for soliciting orders for the sale of intoxicating liquors; and, manifestly, the proof, most strongly construed against the accused, wholly fails to prove the truth of the charge against him; and therefore his conviction was unauthorized by law.                    *Judgment reversed.*